**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114771

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**



| | |
|---|---|
| Heesoo Kim, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>         vs.<br><br>Collecto, Inc. d/b/a EOS CCA,<br><br>                    Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Heesoo Kim, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Collecto, Inc . d/b/a EOS CCA (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

**PARTIES**

5. Plaintiff Heesoo Kim is an individual who is a citizen of the State of New York residing in Queens County, New York.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Collecto, Inc. d/b/a EOS CCA, is a Massachusetts Corporation with a principal place of business in Plymouth County, Massachusetts.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN**

14. Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

15. The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

16. To further these ends, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516

F.3d 85, 91 (2d Cir. 2008).

17. As such, the circumstances of the particular debtor in question have no bearing as to the question of whether there has been a violation of the FDCPA. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Indeed, it is not necessary for a plaintiff to show that he or she was confused by the communication received. *Jacobson*, 516 F.3d at 91. Likewise, the plaintiff consumer's actions or inaction in response to a communication from a debt collector are irrelevant. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

18. Instead, "the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Russell*, 74 F.3d at 34.

19. If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

20. The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## ALLEGATIONS SPECIFIC TO PLAINTIFF

21. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

22. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

23. The alleged Debt does not arise from any business enterprise of Plaintiff.

24. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

3

25. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

26. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

27. In its efforts to collect the alleged Debt, Defendant contacted Plaintiff by letter ("the Letter") dated September 7, 2018. (A true and accurate copy is annexed hereto as "**Exhibit 1**.")

28. The Letter conveyed information regarding the alleged Debt.

29. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30. The Letter was received and read by Plaintiff.

31. 15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

32. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

33. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

34. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

35. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

36. The Letter fails to advise Plaintiff that the alleged Debt is a time barred debt.

37. The Letter contains no language advising Plaintiff that no legal action taken against Plaintiff.

38. The Letter furthermore fails to advise Plaintiff that a partial payment or a written promise to pay on the alleged Debt will revive the payment obligations on the alleged time barred debt.

39. Collection letters are examined for purposes of 15 U.S.C. § 1692e under the "least sophisticated consumer" standard.

40. As a result of the omissions set forth above, the Letter would mislead the least sophisticated consumer to believe that a written promise to pay or a partial payment on the alleged debt, would not restart the obligation to pay on the alleged Debt; and therefore, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

41. As a result of the omissions set forth above, the Letter would make the least sophisticated consumer vulnerable to a lawsuit for non-payment of the alleged Debt; and therefore, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

42. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

## CLASS ALLEGATIONS

43. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

44. Plaintiff seeks to certify a class of:

> All consumers to whom Defendant sent a collection letter substantially and materially similar to the Letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

45. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

46. The Class consists of more than thirty-five persons.

47. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

48. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

49. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

50. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

   a. Certifying this action as a class action; and

   b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

   c. Finding Defendant's actions violate the FDCPA; and

   d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

   e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

   f. Granting Plaintiff's costs; all together with

   g. Such other relief that the Court determines is just and proper.

DATED: September 5, 2019

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders*_
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 114771